IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA DINSMORE                                                                              PLAINTIFF

V.                                           NO. 11-2124

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sandra Dinsmore, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on January 12, 2009, alleging an inability to work since June 15, 2006, due to "Degenerative disc disease, restless leg syndrome, bipolar, depression, migraines, high blood pressure, high cholesterol." (Tr. 138, 142). An administrative hearing was held on March 18, 2010, at which Plaintiff appeared with counsel, and she and her husband testified. (Tr. 29-54).

By written decision dated May 28, 2010, the ALJ found that during the relevant time

-1-

period, June 15, 2006 (alleged onset date), through her date last insured, June 30, 2007, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease, essential hypertension, and mood disorder. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry twenty pounds occasionally and ten pounds frequently and sit for about six hours during an eight-hour workday, and stand and walk for about six hours during an eight-hour workday. The claimant could not climb ladders, ropes, or scaffolds, but she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Additionally, she could understand, remember, and carry out simple, routine, and repetitive tasks, and respond appropriately to supervisors, co-workers, the general public, and usual work situations.

(Tr. 19). With the help of a vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform her past relevant work as a labeler, which did not require the performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 26, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) Plaintiff had additional severe impairments; 2) The ALJ's credibility analysis was legally improper; 3) The ALJ's RFC determination and treatment of the medical opinion evidence was improper; and 4) Plaintiff cannot perform her past relevant work. (Doc. 11).

**A. Plaintiff's Impairments:**

The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, essential hypertension, and mood disorder. (Tr. 17). However, the ALJ found that Plaintiff's Barrett's esophagus,[1] restless leg syndrome, and migraine headaches were non-severe. (Tr. 17-18).

---

[1] Barrett syndrome - peptic ulcer of the lower esophagus, often with stricture, due to the presence of columnar-lined epithelium in the esophagus (sometimes containing functional mucous cells, parietal cells, or chief cells) instead of the normal squamous cell epithelium. It is sometimes premalignant, followed by esophageal adenocarcinoma. Called also *Barrett esophagus*. Dorland's Illustrated Medical Dictionary 1848 (31st ed. 2007).

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. §404.1520( ). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test, so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

Plaintiff argues that substantial evidence does not support the ALJ's decision that her Barrett's esophagus, restless leg syndrome and migraine headaches were non-severe. This argument does not merit reversal because the ALJ did not terminate his analysis at step two, instead proceeding through the sequential evaluation and stating that he was considering "all of the claimant's impairments, including impairments that are not severe," in formulating Plaintiff's RFC. (Tr. 16).

Although Plaintiff was diagnosed with Barrett's esophagus in 2005, there are no records to indicate that this had an impact on Plaintiff's ability to perform work-related activities between June15, 2006, and July 30, 3007. The same can be said regarding Plaintiff's restless leg syndrome. Finally, with respect to Plaintiff's migraine headaches, Plaintiff began suffering with headaches in 2002. (Tr. 426). However, there is nothing in the record which reflects that during the relevant time period, the headaches had an impact on Plaintiff's ability to perform work-related activities.

Thus, there is substantial evidence to support the ALJ's finding that Plaintiff's Barrett's

esophagus, restless leg syndrome, and migraine headaches were not "severe" impairments.

### B. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court rejects Plaintiff's argument, based upon the well-stated reasons outlined in the Defendant's brief, and finds that there was sufficient evidence for the ALJ to make an informed decision and to support the ALJ's RFC findings.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors, and the Court finds there is substantial evidence to support the ALJ's credibility findings.

**D. Plaintiff's Past Relevant Work:**

Plaintiff argues that the ALJ's RFC finding was not complete and that many of the physical and mental limitations were absent from the RFC. The Court disagrees.

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE containing the ALJ's RFC findings fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past work as a labeler. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

AO72A
(Rev. 8/82)

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE